Delois YARBROUGH et al., Appellants,

v.

The **HULBERT-WEST MEMPHIS SCHOOL DISTRICT NO. 4** et al., Appellees.

No. 71-1510.

Delois YARBROUGH et al., Appellees,

v.

The **HULBERT-WEST MEMPHIS SCHOOL DISTRICT NO. 4** et al., Appellants.

No. 71-1524.

United States Court of Appeals, Eighth Circuit.

March 27, 1972.

Norman J. Chachkin, New York City, for Yarbrough, and others, Jack Greenberg, New York City, George Howard, Jr., Pine Bluff, Ark., for plaintiffs-appellants.

G. Ross Smith, Little Rock, Ark., for Hulbert-West Memphis School District, Herschel H. Friday, Robert V. Light, Little Rock, Ark., for appellees and cross-appellants.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

We are again confronted with problems growing out of the integration of the public schools of West Memphis, Arkansas. The record indicates that a satisfactory plan for integrating the high schools and junior high schools has been achieved, and that the plaintiffs and the Board of Education are reasonably satisfied with faculty assignments.

At issue in the appeal presently before us is the plan for integrating the elementary schools. In substance, the District Court's elementary school plan divides the school district into zones with a requirement that

" * * * no elementary school shall have a projected enrollment wherein the minority race, whether black or white, constitutes less than 30 percent of the student population of said school. * * *

" * * * [The 30 percent ratio] shall be maintained by the assignment of white students from the other elementary schools in which the whites are in the majority, and such new assignments shall be made not less frequently than monthly during the 1971–72 school year, if necessary to maintain said minimum ratio."

The racial composition of the elementary schools as of October 27, 1971, was as follows:

| SCHOOL | BLACK | PERCENT-AGE | WHITE | PERCENT-AGE | TOTAL |
|---|---|---|---|---|---|
| Bragg | 224 | 43 | 297 | 57 | 521 |
| Richland | 139 | 39 | 214 | 61 | 353 |
| Dabbs | 178 | 51 | 172 | 49 | · 350 |
| Weaver | 155 | 38 | 243 | 62 | 398 |
| Maddux | 267 | 47 | 292 | 53 | 559 |
| Wonder | 627 | 63 | 372 | 37 | 999 |
| Jackson | 299 | 70 | 131 | 30 | 430 |
| Wedlock | 187 | 67 | 89 | 33 | 276 |
| GRAND TOTAL | 2076 | | 1810 | | 3886 |

The Board of Education objects that the 30 percent requirement establishes a rigid mathematical ratio. It argues that the ratio may encourage whites to flee to private schools and may require numerous students to transfer during the course of a single school year.

The plaintiffs, on the other hand, contend that the plan approved by the court does not integrate the elementary schools because, under it, several formerly all black schools remain racially identifiable. The plaintiffs ask us to remand the matter to the District Court with instructions to require the submission and, upon approval, the implementa-

tion of a plan to completely desegregate the public schools of West Memphis and to eliminate their continuing racial identifiability, *root and branch*, through the use of whatever techniques are required to achieve, in each school, a racial balance approaching the ratio of blacks to whites within the school district as a whole.

■ The plaintiffs have not persuaded us that the trial court should be required to adopt another plan for integrating the elementary schools. The present plan is constitutionally permissible. If changes must be made in the plan, the trial court is best equipped to make those changes.

■ We are equally unimpressed with the defendants' argument that the 30 percent requirement is impermissible. At oral argument, it became apparent that this requirement has been relaxed for the balance of the current school year with respect to the one elementary school which might have been affected by it. The constitutional problems raised by the percentage requirement are, therefore, less pressing than they appeared to be in the brief. We do state, however, that the requirement is acceptable, except insofar as it requires that students transfer monthly in order to fulfill it. Student transfers should not be required more often than each semester.

We are fully aware of the language in Swann v. Charlotte-Mecklenburg Board of Educ., 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971), with respect to the establishment of absolute ratios; but we do not feel *Swann's* language is applicable here, where the trial court has merely established a minimum limit beyond which no school will be permitted to fall.

The decision of the District Court is affirmed as modified, and the matter is remanded with instructions to that court to retain jurisdiction for such period of time as it feels appropriate.